NO. 07-01-0443-CR


NO. 07-01-0444-CR


NO. 07-01-0445-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 28, 2001



______________________________




JOHN RICHMOND PHILLIPS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 43,736-E; 43,962-E; 43,963-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 On July 23, 2001, appellant John Richmond Phillips pled guilty to three different
criminal charges in the 108th District Court of Potter County ("the trial court") pursuant to
plea bargains. The trial court honored the plea bargains and imposed sentences in all
three causes on July 23, 2001. 

 In our Cause No. 07-01-00443-CR, appellant pled guilty to and was convicted for
theft, enhanced, in trial court Cause No. 43,736-E, and was sentenced to confinement for
nine years in the Texas Department of Criminal Justice-Institutional Division. The trial
court docket sheet indicates that counsel was appointed to represent appellant in the
cause. 

 In our Cause No. 07-01-00444-CR, appellant pled guilty to and was convicted for
forgery of a financial instrument, enhanced, in trial court Cause No. 43,962-E, and was
sentenced to confinement for nine years in the Texas Department of Criminal Justice-Institutional Division. The clerk's record does not indicate that appellant claimed indigency
in such cause, nor that counsel was appointed to represent him in the cause. He was
represented by the same counsel that represented him in trial court Cause No. 43,736-E. 

 In our Cause No. 07-01-00445-CR, appellant pled guilty to and was convicted for
credit card abuse, enhanced, in trial court Cause No. 43,963-E, and was sentenced to
confinement for nine years in the Texas Department of Criminal Justice-Institutional
Division. The clerk's record does not indicate that appellant claimed indigency in such
cause, nor that counsel was appointed to represent him in the cause. He was represented
by the same counsel that represented him in trial court Cause No. 43,736-E. 

 On October 16, 2001, the district clerk of Potter County file-marked a letter from
appellant directed to the trial judge. The letter listed the three cause numbers referenced
hereinabove and stated that appellant planned to appeal "this case" and the 3 nine-year
sentences and requested appointment of counsel for appeal. The envelope in which such
letter was sent was apparently postmarked August 15, 2001. No separate appointment
of counsel appears to have been made for appeal in any of the causes. No appearance
has been made by any counsel for appellant on appeal in any of the causes. See Tex.
Crim. Proc. Code Ann. art. 1.051(d) (Vernon Supp. 2001); Tex. Crim. Proc. Code Ann.
art. 26.04(a) (Vernon 1989) (an attorney appointed to represent an indigent defendant in
a criminal case shall represent the defendant until charges are dismissed, the defendant
is acquitted, appeals are exhausted or the attorney is relieved of his duties by the court or
replaced by other counsel); Tex. R. App. P. 6.4(b). The clerk of this court has received
and filed a letter from appellant requesting instructions and forms in regard to appointment
of counsel on appeal.

 In Texas, every person convicted of a crime has a statutory right to appeal. See
Tex. Crim. Proc. Code Ann. § 44.02 (Vernon 1979); Nguyen v. State, 11 S.W.3d 376,
378-79 (Tex.App.--Houston [14th Dist.] 2000, no pet. h); Johnson v. State, 885 S.W.2d 641,
644 (Tex.App.--Waco 1994, pet. ref'd). The Sixth and Fourteenth Amendments of the
United States Constitution guarantee to a criminal defendant the right to counsel on a first
appeal. See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). An
attorney must be appointed by the state to represent an indigent defendant on the first
appeal. See McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 435, 108
S.Ct. 1895, 1900, 100 L.Ed.2d 440 (1988). In Texas, the trial court has been designated
to appoint the appellate attorney for an eligible indigent defendant. See Tex. Crim. Proc.
Code Ann. §§ 1.051(d)(1), 26.04(a). 

 Accordingly, the three appeals are abated and the causes remanded to the trial
court. Tex. R. App. P. 43.6. Upon remand, the judge of the trial court is directed to cause
notice to be given of and to conduct a hearing to determine: (1) whether appellant desires
to prosecute these appeals; (2) if appellant desires to prosecute the appeals, then whether
appellant is indigent; (3) if appellant is indigent and desires to prosecute the appeals,
whether appellant's previously appointed counsel should be replaced and separate
counsel for appeal appointed, and whether counsel should be appointed for the appeals
in which no counsel has thus far been appointed; and (4) what orders, if any, should be
entered to assure the filing of appropriate notices and documentation to dismiss
appellant's appeals if appellant does not desire to prosecute the appeals, or, if appellant
desires to prosecute the appeals, to assure that the appeals will be diligently pursued. If
the trial court determines that the attorney appointed prior to appellant's plea and
conviction should be replaced, the trial court should cause the clerk of this court to be
furnished the name, address, and State Bar of Texas identification number of the newly
appointed attorney. In this regard, we note that although appellant's correspondence
requests appointment of a particular attorney on appeal, appellant is not entitled to
designate which attorney is to be appointed to represent him, if any. The determination
of which attorney is to be appointed to represent an indigent defendant is within the
discretion of the trial court. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations in each of the three
causes, and cause them to be included in supplemental clerk's records; (3) cause the
hearing proceedings to be transcribed and included in reporter's records of the hearing;
and (4) have records of the proceedings made to the extent any of the proceedings are not
included in the supplemental clerk's records or the reporter's records of the hearing. In
the absence of a request for extension of time from the trial court, as to each of the
causes, the supplemental clerk's record, reporter's record of the hearing, and any
additional proceeding records, including any orders, findings, conclusions and
recommendations, are to be sent so as to be received by the clerk of this court not later
than January 11, 2002. 

 Per Curiam


Do not publish.



sed="false" Name="Medium Grid 3 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00328-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JANUARY
21, 2010

 



 

MICHAEL ANTHONY DIAZ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 222ND DISTRICT COURT OF DEAF
SMITH COUNTY;

 

NO. CR-07F-105; HONORABLE ROLAND D. SAUL, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

In October 2007, appellant, Michael Anthony
Diaz, was convicted of assault on a public servant.  On direct appeal of that conviction, we
affirmed the trial courts judgment.  See
Diaz v. State, No. 07-07-00438-CR, 2008 Tex.App.
LEXIS 9655 (Tex. App.Amarillo Dec. 29, 2008, pet. refd) (mem. op., not designated
for publication).

            On
April 26, 2010, Diaz filed his Motion to Withdraw the Trial Record in which he
sought to check out the record of the 2007 trial so that he may prepare his
application for post-conviction writ of habeas corpus.  The trial court denied his motion.  On August 9, Diaz filed a notice of appeal in
which he explains that he attempts to appeal from the trial courts denial of
his Motion to Withdraw the Trial Record.

            On
December 13, 2010, this Court sent a letter to Diaz noting that it appeared
that the Court was without jurisdiction over his appeal. The Court directed him
to respond by showing how the Court had jurisdiction and warned him that,
unless grounds were shown to continue the appeal, his appeal was subject to dismissal.
See Tex. R.
App. P. 42.3(c). He was
given until December 28, 2010, to comply. 
We received appellants response in which he urges his right to
prosecute his claim of ineffective assistance of counsel by way of application
for writ of habeas corpus.  He also
attempts to explain how the trial courts order denying his motion is a final
judgment.  Finally, he attempts to
distinguish his case from another case in which the Eastland court concluded
that a similar order was not a final, appealable order.  See Self v. State, 122 S.W.3d
294, 29495 (Tex.App.Eastland 2003, no pet.).  Though appellant responds directly to the
jurisdictional issue with developed arguments, we remain unconvinced that we
have jurisdiction over this appeal.

            The
jurisdiction of all Texas courts is conferred solely by the Texas Constitution
and state statutes.  Chenault v. Phillips,
914 S.W.2d 140, 141 (Tex. 1996). 
A Texas court does not have jurisdiction to decide any case absent an
express constitutional or statutory grant. 
Id.  Courts of appeals have
appellate jurisdiction as specified in section 6 of the Texas Constitution,
together with such other original and appellate jurisdiction as may be
prescribed by law.  Tex. Const. art. V, §
6.  Generally, a Texas appellate
court has jurisdiction to hear an appeal only if it is from a final
judgment.  See Tex. Civ. Prac.
& Rem. Code Ann. § 51.012 (West Supp. 2010); Lehmann v. Har-Con Corp., 39 S.W.3d 191,195 (Tex. 2001).  Appellate courts have jurisdiction to
consider immediate appeals of interlocutory orders only if a statute explicitly
provides appellate jurisdiction.  Stary
v. DeBord, 967 S.W.2d 352, 35253 (Tex. 1998).

            The
trial courts order denying Diazs motion to withdraw the trial record does not
invoke our jurisdiction.  We are not
vested with jurisdiction to consider an appeal from such an order.  See Self, 122
S.W.3d at 29495.  Furthermore, as
an intermediate appellate court, we have no jurisdiction over post-conviction
writs of habeas corpus in felony cases. 
See Tex. Code
Crim. Pro. Ann. art.
11.07 (West Supp. 2010); Self, 122 S.W.3d at 295.

            Without
a final, appealable order, we are without jurisdiction to entertain this
appeal.  Because the record does not
affirmatively demonstrate that we have jurisdiction, we must dismiss the
appeal.  See Hosea v. Whittenburg, 311 S.W.3d 704, 70405 (Tex.App.Amarillo 2010, pet. denied).  Accordingly, we dismiss this appeal for want
of jurisdiction.  See Tex. R. App. P. 42.3(a).

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice