**Bill CHENAULT et al., Relators,**

v.

**The Honorable Tom PHILLIPS, Dan Morales, John T. Adams, and Martha Whitehead, In Their Official Capacities, Respondents.**

No. 95–0865.

Supreme Court of Texas.

Jan. 11, 1996.

Miles H. Appleberry, San Antonio, Roy Beene, Houston, William B. Chenault, III, San Antonio, for Relators.

Dan Morales, David S. Morales, Austin, for Respondents.

**PER CURIAM.**

In this case we decide whether this Court, in exercising its original jurisdiction, may consider an original petition seeking relief from the Attorney Occupation Tax, Texas Tax Code §§ 191.141–.145. Without reaching the merits, we hold that this action is not within the original jurisdiction granted to this Court by either the Texas Constitution or the Legislature, and deny the motion for leave to file the petition because Relators have an adequate remedy at law.

Bill Chenault, Roy Beene, and Miles Appleberry (Relators) filed an original petition in this Court seeking a declaration that the attorney occupation tax is unconstitutional, an injunction against the officials responsible for collecting the tax, and writs prohibiting enforcement of the tax.[1] Relators, members of the State Bar of Texas, argue that the statute's enforcement provision, which automatically suspends the license of any attorney who does not timely pay the tax, deprives attorneys of their right to a full impartial hearing prior to the imposition of any sanction. Relators further contend that the statute improperly infringes on this Court's inherent power to regulate the legal profession in Texas, and that it violates the separation of powers provision of Article II, section one of the Texas Constitution by delegating the tax collection powers of the executive branch to the judicial branch. Relators argue that this Court has jurisdiction over this original action under Article III of the Texas Constitution, sections 22.001–.002 of the Government Code, and Rules 121 and 122 of the Texas Rules of Appellate Procedure.

This Court's jurisdiction, like that of all Texas courts, is conferred solely by the Texas Constitution and state statutes. We do not have jurisdiction to decide any case absent an express constitutional or statutory grant. *See Pope v. Ferguson,* 445 S.W.2d 950, 952 (Tex.1969), *cert. denied,* 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970). A request for declaratory relief alone does not establish jurisdiction in this Court. We have held that the Uniform Declaratory Judgments Act, Tex.Civ.Prac. & Rem.Code §§ 37.001–.011, is not a grant of jurisdiction, but "merely a procedural device for deciding cases already within a court's jurisdiction." *State v. Morales,* 869 S.W.2d 941, 947 (Tex. 1994); *see also Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 444 (Tex.1993). Likewise, we may not consider the merits of Relators' requests for injunctions, writs of prohibition, and other relief under Rules 121 and 122 in a case not otherwise properly before the Court. *See Texas Employers' Ins. Ass'n v. Kirby,* 137 Tex. 106, 152 S.W.2d 1073, 1073 (1941).

Relators also seek a writ of mandamus. Mandamus is an extraordinary remedy and generally is not available from any court in this state when a party has an adequate legal remedy. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992); *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989); *State v. Walker,* 679 S.W.2d 484, 485 (Tex. 1984). Relators may file their challenge to the Attorney Occupation Tax in district court and appeal any adverse ruling through the ordinary appellate process. They have not met their burden of showing that pursuing their claims first in the trial court will cause them to suffer any immediate harm that would entitle them to mandamus relief under the *Walker* standard.

---

1. While the enforcement mechanisms for the various statutes differ, at the same time the Legislature imposed the Attorney Occupation Tax, it increased by $200 the fees assessed against numerous other license holders, including the following: physicians, Tex.Rev.Civ.Stat.Ann. art. 4495b, §§ 3.10–.11A; dentists, Tex.Rev.Civ.Stat. Ann. art. 4550c; optometrists, Tex.Rev.Civ.Stat. Ann. art. 4552–3.03B; accountants, Tex.Rev.Civ. Stat.Ann. art. 41a–1, § 9A; engineers, Tex.Rev.Civ. Stat.Ann. art. 3271a, § 13B; real estate brokers, Tex.Rev.Civ.Stat.Ann. art. 6573a, § 11A; and securities dealers, Tex.Rev.Civ.Stat.Ann. art. 581–41. The proceeds of these increases in fees, like the proceeds of the Attorney Occupation Tax, go into the foundation school fund and the general revenue fund. *Id.*

Moreover, this Court will not issue an original writ of mandamus absent a "compelling reason." TEX.R.APP.P. 121(a); *LaRouche v. Hannah,* 822 S.W.2d 632, 633–34 (Tex.1992); *Sears v. Bayoud,* 786 S.W.2d 248, 249–50 (Tex.1990). Relators assert as compelling reasons for the invocation of this Court's original jurisdiction the need to protect this Court's role as the ultimate supervisory authority over the State Bar of Texas, the presence of state officers as necessary parties in the suit, and the statewide importance of the issue. None of these proffered jurisdictional bases presents a compelling reason for this Court to exercise its original jurisdiction.

Relators cite *State Bar of Texas v. Gomez,* 891 S.W.2d 243 (Tex.1994), as authority for the relief they seek. In *Gomez,* several indigent litigants brought an action in district court to mandate that the State Bar of Texas or this Court require all Texas attorneys to provide pro bono legal services. Central to our decision in that case was this Court's exclusive administrative authority to regulate the practice of law in Texas, an authority that "is derived from both statutory and inherent powers." *Id.* at 245. The State Bar, we held, is by itself powerless to address the harm alleged by the indigent litigants, as its authority in this regard is limited to proposing regulations to the Court. We then rejected any attempt to involve the district court in the regulation of the practice of law: "[T]o the extent the remedies are sought against the Supreme Court, they would clearly impinge on the Court's exclusive authority to regulate the practice of law.... No subordinate court in Texas has the power to usurp our authority or responsibility in this area." *Id.* at 246.

Relators interpret this language as this Court's assumption of exclusive original jurisdiction over any action affecting attorneys in Texas. In so doing, they misconstrue our decision in *Gomez.* First, we observed that the Court's inherent powers, such as the power to regulate the bar, are *administrative* powers, not *jurisdictional* powers. *Id.* at 245. We then held that a district court could not impose a new requirement on Texas attorneys because "a district court has no authority to assume this Court's authority to regulate the legal profession." *Id.* at 246. Unlike the plaintiffs in *Gomez,* Relators do not seek imposition of new regulations on lawyers in Texas, but rather challenge the constitutionality of a statute that affects lawyers. Yet, as we noted in *Gomez,* constitutional challenges to rules enacted by this Court must be brought in the district court and heard by this Court in the exercise of its appellate jurisdiction. "Had this Court actually promulgated rules establishing a pro bono program and had Gomez challenged the constitutionality of such rules, the district court would have jurisdiction to decide, in the first instance, whether such rules met constitutional standards.... Such a case would be justiciable because the district court would be capable of rendering a judgment that accords the parties complete relief, subject of course to appellate review." *Id.* at 246. Analogously, Relators must follow the same procedure in challenging the constitutionality of the Attorney Occupation Tax. A litigant may not bring such a claim in the first instance in this Court.

Accordingly, without hearing oral argument, *see* Texas Rule of Appellate Procedure 122, a majority of this Court overrules Relators' motion for leave to file an original petition for writ of mandamus and writs pursuant to Texas Rules of Appellate Procedure 121 and 122.