NO. 07-00-0376-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 1, 2000

______________________________

IN RE MARIO C. MARTINEZ, RELATOR

_________________________________

 

Before QUINN and REAVIS and JOHNSON, JJ.

By this original proceeding, relator Mario C. Martinez, acting 
pro se
, seeks a writ of mandamus to compel the District Clerk and District Attorney of Potter County, respondents, to file and/or docket his criminal complaint.  Under applicable principles of law, the petition for writ of mandamus must be dismissed for want of jurisdiction.

Relator has filed with the clerk of this court a document entitled “application for mandamus” by which he seeks to invoke this court’s jurisdiction to issue writs of mandamus directed to respondents.  In his “application,” relator alleges that the respondents have failed to file and/or docket his criminal complaint.  Relator’s pleadings in this court are not an appeal from action of a trial court, nor do the documents allege actions which it is claimed threaten this court’s jurisdiction.   

The jurisdiction of all Texas courts is conferred solely by the Texas Constitution and state statutes.  Chenault v. Phillips, 914 S.W.2d 140, 141 (Tex. 1996).  A Texas court does not have jurisdiction to decide any case absent an express constitutional or statutory grant.  
Id.
   The district courts have appellate and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by Constitution or other law on some other court, tribunal, or administrative body.  Tex. Const. art. V, § 8.  Courts of appeals have appellate jurisdiction as specified in section 6 of the Texas Constitution, together with such other original and appellate jurisdiction as may be prescribed by law.  Tex. Const. art. V, § 6.  Pursuant to Tex. Govt. Code Ann. § 22.221 (Vernon 1988 & Supp. 2000) (TGCA), a court of appeals has jurisdiction to issue writs of mandamus (1) to enforce its jurisdiction; or (2) against certain judges of or acting within the district of the court of appeals.  TGCA §§ 22.221(a), (b).

Relator neither seeks to invoke our appellate jurisdiction, nor asserts that we should issue mandamus to protect our jurisdiction.  We do not have jurisdiction to issue mandamus directed to either respondent under the facts and circumstances alleged.  TGCA § 22.221.  

The petition for writ of mandamus is dismissed for lack of jurisdiction.   

                                                       Per Curiam 

Do not publish.  sanctions, Nelson and Johnson filed a motion for rehearing.  While the motion remained pending, Nelson and Johnson and Albertson’s, Inc. filed a first amended joint motion to dismiss appeal pursuant to agreement under Rule 42.1(a)(2) of the Texas Rules of Appellate Procedure which provides that we may set aside the order of the trial court without regard to the merits and remand the case for rendition of judgment in accordance with an agreement
(footnote: 1) signed by the parties or their attorneys and filed with the clerk.  It appearing that a signed agreement has not been filed with the Clerk of this Court, the joint motion to dismiss is denied.

Additionally, remaining convinced that our original disposition was correct, the motion for rehearing is overruled. 

Don H. Reavis

    Justice

 

FOOTNOTES
1: