# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00288-CV

**Texas Society of Professional Engineers, Appellant**

**v.**

**Texas Board of Architectural Examiners and
Cathy Hendricks, Executive Director, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
### NO. D-1-GN-07-001843, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Texas Society of Professional Engineers appeals from the trial court's grant of the plea to the jurisdiction filed by the Texas Board of Architectural Examiners (TBAE) and Executive Director Cathy Hendricks. Because we conclude there was no error in the trial court's order granting the plea to the jurisdiction, we affirm the order.

## BACKGROUND

The Society filed suit against the TBAE and its executive director seeking declaratory and injunctive relief that would preclude the TBAE from initiating enforcement proceedings against licensed engineers for alleged violations of the Architecture Practice Act.[1] By its suit, the Society

---

[1] The Architecture Practice Act is codified in chapter 1051 of the Texas Occupations Code. *See* Tex. Occ. Code Ann. §§ 1051.001-.701 (West 2004 & Supp. 2008).

sought declarations under the Uniform Declaratory Judgments Act, Texas Civil Practice and

Remedies Code, sections 37.001 through 37.011,[2] and the Administrative Procedure Act (APA),

Texas Government Code, section 2001.038,[3] that:

- "comprehensive building design" is within the scope of engineering, or, in the alternative, not *per se* outside the scope of engineering;

- engineers are exempt from the Architecture Practice Act;

- the TBAE lacks jurisdiction over engineers;

- the Texas Board of Professional Engineers (TBPE) has exclusive original or, in the alternative, primary jurisdiction over the regulation of engineers; and

- TBAE Rules 1.210-.217 and unpublished rules "Architect or Engineer: Who prepares the plans?" do not apply to engineers, or, in the alternative, are invalid on substantive and/or procedural grounds.

    In addition to these declarations, the Society sought injunctive relief:

- enjoining the TBAE from bringing an action against a licensed engineer without first submitting a complaint to the TBPE and receiving a determination that the alleged action is either not within the scope of practice of an engineer or is outside the education, training, and other qualifications of that particular engineer;

- enjoining the TBAE from bringing actions against a licensed engineer based on an allegation that the engineer engaged in "comprehensive building design"; and/or

- enjoining the TBAE from attempting to prescribe the education, training, and other qualifications necessary for an engineer to engage in building design.

---

[2] Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 2008).

[3] Tex. Gov't Code Ann. § 2001.038 (West 2000).

The TBAE filed a plea to the jurisdiction arguing that the trial court lacked jurisdiction because the Society's claims were not cognizable under the UDJA and the Society had failed to plead a justiciable controversy. The TBAE also argued that the Society's claims were not ripe and that the Society lacked standing. In addition, to the extent the Society was seeking judicial declarations regarding individual suits then pending before the State Office of Administrative Hearings, the TBAE argued that the Society had failed to exhaust administrative remedies. Alternatively, the TBAE argued that the doctrine of primary jurisdiction applied and the trial court should decline to exercise jurisdiction.

The trial court held a hearing to consider the TBAE's plea to the jurisdiction. After the hearing, the trial court granted the TBAE's plea in part and denied it in part. The trial court held that it lacked jurisdiction over the Society's claims except for those claims challenging the validity of the TBAE's rules under section 2001.038 of the APA. *See* Tex. Gov't Code Ann. § 2001.038 (West 2000). The Society filed an interlocutory appeal in this Court challenging the trial court's order granting in part the TBAE's plea to the jurisdiction. The TBAE does not appeal the trial court's assertion of jurisdiction under APA section 2001.038. *See id.*

## DISCUSSION

The Society argues that the trial court erred in granting the TBAE's plea to the jurisdiction. For the following reasons, we conclude there was no error in the trial court's order.

*Standard of Review*

We review the trial court's ruling on a plea to the jurisdiction *de novo*. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). A plea to the jurisdiction is a dilatory plea that contests the trial court's authority to determine the subject matter of the cause of action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). When a plea to the jurisdiction challenges the pleadings, we must determine if the pleader has alleged sufficient facts to affirmatively demonstrate the trial court's jurisdiction to hear the cause. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). To make this determination, we look to the pleader's intent, construe the pleadings liberally in favor of jurisdiction, and accept the allegations in the pleadings as true. *Id.* Where the pleadings do not allege sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate an incurable jurisdictional defect, the issue is one of pleading sufficiency, and the plaintiffs should be given an opportunity to amend. *Miranda*, 133 S.W.3d at 227. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Id.*

*Regulation of Engineers and Architects in Texas*

Like many other states, Texas has imposed distinct regulatory schemes to regulate the practice of architecture and engineering. *See* Tex. Occ. Code Ann. §§ 1051.001-.801 (West 2004 & Supp. 2008) (Architecture Practice Act) (regulating architects and the practice of architecture); Tex. Occ. Code Ann. §§ 1001.001-.601 (West 2004 & Supp. 2008) (Texas Engineering Practice Act) (regulating engineers and the practice of engineering); *see also* National Council of Architectural

4

Registration Boards, Practice Requirements for NCARB Member Boards, *available at* http://www.ncarb.org/stateboards/MBRfaqpractice.asp (surveying states, territories, and other jurisdictions to determine overlap and distinctions between practice of architecture and practice of engineering). Also like many other states, Texas has recognized that certain areas of practice overlap between the two professions. *See* Act of May 31, 2003, 78th Leg., R.S., ch. 331, § 1.04, 2003 Tex. Gen. Laws 1425, 1427 (TBAE); Act of May 31, 2003, 78th Leg., R.S., ch. 1168, § 2, 2003 Tex. Gen. Laws 3307, 3308 (TBPE).

In 2003, both the TBPE and the TBAE went through sunset review. While the legislature determined that both agencies should continue as independent boards, the legislature created the Joint Advisory Committee to "work to resolve issues that result from the overlap between activities that constitute the practice of engineering and those that constitute the practice of architecture." Tex. Occ. Code Ann. §§ 1001.216(d) (TBPE), 1051.212(d) (TBAE). In 2005, the Joint Advisory Committee issued an opinion addressing the "historical disagreement between the respective Boards concerning the statutory authority over comprehensive building design." *See* Texas Att'y Gen. Op. GA-0391 (Jan. 10, 2006) (citing Joint Advisory Committee on the Practice of Engineering and Architecture, *Building Design Joint Advisory Opinion* (Apr. 7, 2005)). Later that same year, the TBPE issued its own advisory opinion. *See* TBPE, *Policy Advisory Opinion Regarding Building Design* (June 1, 2005), 30 Tex. Reg. 3461-62 (2005). The TBPE opinion concluded that the practice of engineering included building design and, therefore, building design "may be performed exclusively by a licensed professional engineer competent in this field." *Id.*

5

***Lack of Standing***

Through its lawsuit and appeal to this Court, the Society seeks a judicial determination of the longstanding dispute over which agency has authority to regulate professionals in the two categories and whether either agency has authority to regulate professionals in the other category—*i.e.*, whether the TBAE has authority to regulate engineers and vice versa. The Society contends that the trial court had subject-matter jurisdiction to decide the Society's claims under the UDJA. We disagree.

The UDJA is a remedial statute that neither creates nor augments subject-matter jurisdiction in a trial court. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.003 (West 1997); *Chenault v. Phillips*, 914 S.W.2d 140, 143 (Tex. 1996); *see also Texas Ass'n of Bus.*, 852 S.W.2d at 444. An action under the UDJA will not lie unless there is (1) a justiciable controversy regarding the rights and status of the parties before the court for adjudication; and (2) the declaration sought will actually resolve that controversy. *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 163 (Tex. 2004); *Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 517-18 (Tex. 1995). Here, this is essentially a question of standing. *See Garcia*, 893 S.W.2d at 517-18; *Texas Ass'n of Bus.*, 852 S.W.2d at 444.

Because the Society is an association suing on behalf of its individual members, we must consider the question of associational standing. The Society does not dispute that it must establish standing in order to invoke the jurisdiction of the district court, but the Society fails to acknowledge the proper test for associational standing. Citing *Brown v. Todd*, 53 S.W.3d 294, 305 (Tex. 2001), the Society argues that it may establish associational standing by demonstrating that its

members satisfy the general test for individual standing. Contrary to the Society's suggestion, individual standing alone does not equate to associational standing; it is merely one element of the test for associational standing.

The test for associational standing was established by the supreme court in *Texas Association of Business v. Texas Air Control Board*. *See* 852 S.W.2d at 447. Under this test, "an association has standing to sue on behalf of its members when '(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.'" *Id.* (quoting *Hunt v. Washington State Apple Comm'n*, 432 U.S. 333, 343 (1977)). Applying this test to the case before us, we conclude that the Society lacks standing to pursue the relief it seeks in this case.

The first prong of the test for associational standing requires that the Society demonstrate that its members have standing to sue in their own behalf. *See id.* The TBAE urges that the Society failed to satisfy this prong. The purpose of this prong "is simply to weed out plaintiffs who try to bring cases, which could not otherwise be brought, by manufacturing allegations of standing that lack any real foundation." *Id.* (quoting *New York State Club Ass'n v. City of New York*, 478 U.S. 1, 9 (1988)). The record before us demonstrates that members of the Society have been the subject of administrative proceedings initiated by the TBAE for alleged violations of the Architectural Practice Act. Although none of these matters has resulted in a penalty being imposed against any member of the Society, the pleadings demonstrate that the Society's members are at risk of penalty. *See* Tex. Occ. Code Ann. §§ 1051.451-.452 (allowing imposition of administrative

7

penalty and setting amount of penalty). Because the risk of penalty is sufficient, *see Texas Ass'n of Bus.*, 852 S.W.2d at 447, we conclude that the Society satisfies the first prong of the test for associational standing.

The second prong of the test requires the Society to demonstrate that the interests it seeks to protect are germane to the Society's purpose. *See id.* The Society's pleadings state that the mission of the Society "is to promote the ethical, competent and licensed practice of engineering, and to enhance the professional, social and economic well being of its members." We conclude that the interests the Society seeks to protect are germane to its purpose and that the second prong is met.

Under the third and final prong of this test, the Society "must demonstrate that neither the claim asserted nor the relief requested require the participation of individual members in the lawsuit." *See id.* at 448. In *Texas Association of Business*, the supreme court recognized that where an association by its suit "seeks only prospective relief, raises only issues of law, and need not prove the individual circumstances to obtain that relief," the third prong of the test is met. *Id.* Applying these requirements to the case before us, we conclude the Society fails to satisfy the third prong of the test for associational standing.

Here, unlike in *Texas Association of Business*, the Society does not seek only prospective relief. While its UDJA claims are couched in terms of declaratory and injunctive relief, its pleadings demonstrate that the Society seeks judicial declarations and injunctions that will be applied in cases pending before SOAH.[4] The Society thus seeks an end run around the requirement

---

[4] In May 2007, the TBAE initiated contested case proceedings under the APA against three licensed engineers. *See* Tex. Occ. Code Ann. § 1051.401 (West 2004); Tex. Gov't Code Ann. §§ 2001.003(1), .051 (West 2000).

to exhaust administrative remedies in favor of a determination applicable to all of its members under any circumstances—past, present, or future.

Likewise, we conclude that the Society's requests for declaratory and injunctive relief do not present pure issues of law. The area of overlap between these two professions has been squarely addressed by the legislature and requires a fact-intensive analysis. The legislature has delegated authority to the TBAE to regulate the *practice* of architecture and to the TBPE to regulate the *practice* of engineering. *See* Tex. Occ. Code Ann. §§ 1001.003, .004, .201 (defining practice of engineering; describing legislative intent and purpose; and delegating enforcement authority to the TBPE); *id.* §§ 1051.001(7), .0015, .501 (defining practice of architecture; describing legislative purpose; and delegating enforcement authority to TBAE). The legislature has defined what is included within "the practice of architecture" and "the practice of engineering." *Id.* §§ 1001.003, 1051.001(7). And the legislature has provided statutory exemptions for each profession. *Id.* §§ 1001.063 (providing exemption from Texas Engineering Practice Act for architects practicing architecture), 1051.601 (providing exemption from Architecture Practice Act for engineers practicing engineering). By delegating each board the authority to regulate the *practice* of each profession, defining "the practice of architecture" and "the practice of engineering," and providing statutory exemptions for both professions, it is clear that the legislature intended for each board to consider whether the particular conduct at issue meets the statutory definition of each profession and whether an exemption applies. Such an inquiry is fact-intensive and can only be done on a case-by-case basis.

As part of its declaratory relief, the Society seeks declarations under the UDJA that "comprehensive building design" is within the scope of engineering, that engineers are exempt from the Architectural Practice Act, that the TBAE lacks jurisdiction over engineers, and that the TBPE has exclusive original or, in the alternative, primary jurisdiction over the regulation of engineers. The Society also seeks injunctive relief to preclude the TBAE from initiating enforcement proceedings against licensed engineers for the alleged violation of the Architecture Practice Act. Although the Society urges that these claims present only questions of law and a resolution of this case will provide "general" relief to its members, upon further inquiry, it becomes clear that it will be necessary to review the particular conduct of the engineer at issue to determine whether comprehensive building design falls within the practice of architecture or whether the particular conduct of an engineer is exempt from the Architectural Practice Act.[5] In order to obtain the relief sought, it will thus be necessary to prove the individual circumstances of the Society's members. For this reason, we conclude the Society fails the third prong of the test for associational standing and, therefore, lacks standing to pursue the declaratory and injunctive relief it seeks.

In support of its claim that it has standing to pursue this suit on behalf of its members, the Society relies on this Court's decision in *Texas State Board of Podiatric Medical Examiners v. Texas Orthopaedic Association*, No. 03-04-00253-CV, 2004 Tex. App. LEXIS 10031, at *4-11

---

[5]   As the attorney general has recognized, the Architecture Practice Act contains an exemption for licensed engineers to the extent they perform acts, services, or works within the scope of the practice of engineering. *See* Tex. Att'y Gen. Op. GA-0391 (Jan. 10, 2006) (citing Tex. Occ. Code Ann. § 1051.601 (West 2004)). But, in order to determine whether the exemption applies, one must examine the individual acts, services, or works provided to determine if they fall within the practice of engineering.

(Tex. App.—Austin 2004, no pet.). The Society's reliance on *Texas State Board of Podiatric Medical Examiners* is misplaced. In that case, this Court concluded that the Texas Orthopaedic Association had standing under section 2001.038 of the government code to challenge a rule promulgated by the Board. *Id.* at *9-11. Applying the test for associational standing established by the supreme court in *Texas Association of Business*, this Court concluded that all three prongs were met and, more specifically, that the Texas Orthopaedic Association's request for a declaration that the Board's rule was invalid presented a question of law that did not require the participation of individual members.[6] *Id.* at *10-11. Because we have determined that the Society's claims for declaratory and injunctive relief—excluding the Society's challenges to the validity of TBAE rules under government code section 2001.038, *see* note 6, *supra*—will require the participation of individual members, this Court's decision in *Texas State Board of Podiatric Medical Examiners* is distinguishable.

The case of *Reconveyance Services v. Texas Department of Insurance*, 240 S.W.3d 418 (Tex. App.—Austin 2007, pet. filed), is likewise inapposite. In that case, a corporation challenged the Department's authority to regulate specific business practices in Texas. *See id.* at 426 (alleging that nothing gives the Department authority to prohibit companies from offering Reconveyance's post-closing mortgage release services). Unlike the Society in this case, Reconveyance was not required to establish associational standing. *See generally id.* This Court's

---

[6] We observe that the trial court denied the TBAE's plea to the jurisdiction regarding the Society's validity challenges to the Board's rules under section 2001.038 of the government code, and those claims remain pending below. The TBAE has not challenged this partial denial of its plea to the jurisdiction on appeal.

11

holding in that case is thus irrelevant to the question before us—namely, whether the Society has satisfied the test for associational standing.

Having concluded that the Society lacks standing to pursue the relief it seeks, we find no error in the trial court's order granting the TBAE's plea to the jurisdiction with regard to the Society's claims for declaratory and injunctive relief under the UDJA, and we decline to reach the Society's remaining arguments in support of its claim that the trial court erred in granting the TBAE's plea to the jurisdiction. *See* Tex. R. App. P. 47.1.

## CONCLUSION

Finding no error in the trial court's order, we affirm.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   October 24, 2008

12