TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00288-CV






Texas Society of Professional Engineers, Appellant


v.


Texas Board of Architectural Examiners and

Cathy Hendricks, Executive Director, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT

NO. D-1-GN-07-001843, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 The Texas Society of Professional Engineers appeals from the trial court's grant of
the plea to the jurisdiction filed by the Texas Board of Architectural Examiners (TBAE) and
Executive Director Cathy Hendricks. Because we conclude there was no error in the trial court's
order granting the plea to the jurisdiction, we affirm the order.


BACKGROUND


 The Society filed suit against the TBAE and its executive director seeking declaratory
and injunctive relief that would preclude the TBAE from initiating enforcement proceedings against
licensed engineers for alleged violations of the Architecture Practice Act. (1) By its suit, the Society
sought declarations under the Uniform Declaratory Judgments Act, Texas Civil Practice and
Remedies Code, sections 37.001 through 37.011, (2) and the Administrative Procedure Act (APA),
Texas Government Code, section 2001.038, (3) that:



 "comprehensive building design" is within the scope of engineering, or, in the
alternative, not per se outside the scope of engineering;

 engineers are exempt from the Architecture Practice Act;

 the TBAE lacks jurisdiction over engineers;

 the Texas Board of Professional Engineers (TBPE) has exclusive original or,
in the alternative, primary jurisdiction over the regulation of engineers; and 

 TBAE Rules 1.210-.217 and unpublished rules "Architect or Engineer: Who
prepares the plans?" do not apply to engineers, or, in the alternative, are
invalid on substantive and/or procedural grounds.




 In addition to these declarations, the Society sought injunctive relief:




 enjoining the TBAE from bringing an action against a licensed engineer
without first submitting a complaint to the TBPE and receiving a
determination that the alleged action is either not within the scope of practice
of an engineer or is outside the education, training, and other qualifications
of that particular engineer;

 enjoining the TBAE from bringing actions against a licensed engineer based
on an allegation that the engineer engaged in "comprehensive building
design"; and/or

 enjoining the TBAE from attempting to prescribe the education, training, and
other qualifications necessary for an engineer to engage in building design.



 The TBAE filed a plea to the jurisdiction arguing that the trial court lacked
jurisdiction because the Society's claims were not cognizable under the UDJA and the Society had
failed to plead a justiciable controversy. The TBAE also argued that the Society's claims were not
ripe and that the Society lacked standing. In addition, to the extent the Society was seeking judicial
declarations regarding individual suits then pending before the State Office of Administrative
Hearings, the TBAE argued that the Society had failed to exhaust administrative remedies. 
Alternatively, the TBAE argued that the doctrine of primary jurisdiction applied and the trial court
should decline to exercise jurisdiction.

 The trial court held a hearing to consider the TBAE's plea to the jurisdiction. After
the hearing, the trial court granted the TBAE's plea in part and denied it in part. The trial court held
that it lacked jurisdiction over the Society's claims except for those claims challenging the validity
of the TBAE's rules under section 2001.038 of the APA. See Tex. Gov't Code Ann. § 2001.038
(West 2000). The Society filed an interlocutory appeal in this Court challenging the trial court's
order granting in part the TBAE's plea to the jurisdiction. The TBAE does not appeal the
trial court's assertion of jurisdiction under APA section 2001.038. See id.


DISCUSSION


 The Society argues that the trial court erred in granting the TBAE's plea to the
jurisdiction. For the following reasons, we conclude there was no error in the trial court's order.




Standard of Review

 We review the trial court's ruling on a plea to the jurisdiction de novo. Texas Dep't
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex. 2004). A plea to the jurisdiction is
a dilatory plea that contests the trial court's authority to determine the subject matter of the cause
of action. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). When a plea to the
jurisdiction challenges the pleadings, we must determine if the pleader has alleged sufficient facts
to affirmatively demonstrate the trial court's jurisdiction to hear the cause. See Texas Ass'n of Bus.
v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). To make this determination, we look
to the pleader's intent, construe the pleadings liberally in favor of jurisdiction, and accept
the allegations in the pleadings as true. Id. Where the pleadings do not allege sufficient facts to
affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate an
incurable jurisdictional defect, the issue is one of pleading sufficiency, and the plaintiffs should be
given an opportunity to amend. Miranda, 133 S.W.3d at 227. If the pleadings affirmatively negate
the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the
plaintiffs an opportunity to amend. Id.


Regulation of Engineers and Architects in Texas

 Like many other states, Texas has imposed distinct regulatory schemes to regulate
the practice of architecture and engineering. See Tex. Occ. Code Ann. §§ 1051.001-.801 (West 2004
& Supp. 2008) (Architecture Practice Act) (regulating architects and the practice of architecture);
Tex. Occ. Code Ann. §§ 1001.001-.601 (West 2004 & Supp. 2008) (Texas Engineering Practice Act)
(regulating engineers and the practice of engineering); see also National Council of Architectural
Registration Boards, Practice Requirements for NCARB Member Boards, available at
http://www.ncarb.org/stateboards/MBRfaqpractice.asp (surveying states, territories, and other
jurisdictions to determine overlap and distinctions between practice of architecture and practice
of engineering). Also like many other states, Texas has recognized that certain areas of practice
overlap between the two professions. See Act of May 31, 2003, 78th Leg., R.S., ch. 331, § 1.04,
2003 Tex. Gen. Laws 1425, 1427 (TBAE); Act of May 31, 2003, 78th Leg., R.S., ch. 1168, § 2, 2003
Tex. Gen. Laws 3307, 3308 (TBPE).

 In 2003, both the TBPE and the TBAE went through sunset review. While the
legislature determined that both agencies should continue as independent boards, the legislature
created the Joint Advisory Committee to "work to resolve issues that result from the overlap between
activities that constitute the practice of engineering and those that constitute the practice of
architecture." Tex. Occ. Code Ann. §§ 1001.216(d) (TBPE), 1051.212(d) (TBAE). In 2005, the
Joint Advisory Committee issued an opinion addressing the "historical disagreement between the
respective Boards concerning the statutory authority over comprehensive building design." See
Texas Att'y Gen. Op. GA-0391 (Jan. 10, 2006) (citing Joint Advisory Committee on the Practice of
Engineering and Architecture, Building Design Joint Advisory Opinion (Apr. 7, 2005)). Later
that same year, the TBPE issued its own advisory opinion. See TBPE, Policy Advisory Opinion
Regarding Building Design (June 1, 2005), 30 Tex. Reg. 3461-62 (2005). The TBPE opinion
concluded that the practice of engineering included building design and, therefore, building design
"may be performed exclusively by a licensed professional engineer competent in this field." Id.


Lack of Standing

 Through its lawsuit and appeal to this Court, the Society seeks a judicial
determination of the longstanding dispute over which agency has authority to regulate professionals
in the two categories and whether either agency has authority to regulate professionals in the other
category--i.e., whether the TBAE has authority to regulate engineers and vice versa. The Society
contends that the trial court had subject-matter jurisdiction to decide the Society's claims under
the UDJA. We disagree.

 The UDJA is a remedial statute that neither creates nor augments subject-matter
jurisdiction in a trial court. See Tex. Civ. Prac. & Rem. Code Ann. § 37.003 (West 1997); Chenault
v. Phillips, 914 S.W.2d 140, 143 (Tex. 1996); see also Texas Ass'n of Bus., 852 S.W.2d at 444. An
action under the UDJA will not lie unless there is (1) a justiciable controversy regarding the
rights and status of the parties before the court for adjudication; and (2) the declaration sought
will actually resolve that controversy. Brooks v. Northglen Ass'n, 141 S.W.3d 158, 163 (Tex. 2004);
Texas Workers' Comp. Comm'n v. Garcia, 893 S.W.2d 504, 517-18 (Tex. 1995). Here, this is
essentially a question of standing. See Garcia, 893 S.W.2d at 517-18; Texas Ass'n of Bus.,
852 S.W.2d at 444.

 Because the Society is an association suing on behalf of its individual members,
we must consider the question of associational standing. The Society does not dispute that it must
establish standing in order to invoke the jurisdiction of the district court, but the Society fails to
acknowledge the proper test for associational standing. Citing Brown v. Todd, 53 S.W.3d 294, 305
(Tex. 2001), the Society argues that it may establish associational standing by demonstrating that its
members satisfy the general test for individual standing. Contrary to the Society's suggestion,
individual standing alone does not equate to associational standing; it is merely one element of the
test for associational standing.

 The test for associational standing was established by the supreme court in
Texas Association of Business v. Texas Air Control Board. See 852 S.W.2d at 447. Under this test,
"an association has standing to sue on behalf of its members when '(a) its members would otherwise
have standing to sue in their own right; (b) the interests it seeks to protect are germane to the
organization's purpose; and (c) neither the claim asserted nor the relief requested requires the
participation of individual members in the lawsuit.'" Id. (quoting Hunt v. Washington State Apple
Comm'n, 432 U.S. 333, 343 (1977)). Applying this test to the case before us, we conclude that the
Society lacks standing to pursue the relief it seeks in this case.

 The first prong of the test for associational standing requires that the Society
demonstrate that its members have standing to sue in their own behalf. See id. The TBAE urges that
the Society failed to satisfy this prong. The purpose of this prong "is simply to weed out plaintiffs
who try to bring cases, which could not otherwise be brought, by manufacturing allegations of
standing that lack any real foundation." Id. (quoting New York State Club Ass'n v. City of New York,
478 U.S. 1, 9 (1988)). The record before us demonstrates that members of the Society have been
the subject of administrative proceedings initiated by the TBAE for alleged violations of the
Architectural Practice Act. Although none of these matters has resulted in a penalty being imposed
against any member of the Society, the pleadings demonstrate that the Society's members are at risk
of penalty. See Tex. Occ. Code Ann. §§ 1051.451-.452 (allowing imposition of administrative
penalty and setting amount of penalty).  Because the risk of penalty is sufficient, see Texas Ass'n of
Bus., 852 S.W.2d at 447, we conclude that the Society satisfies the first prong of the test for
associational standing.

 The second prong of the test requires the Society to demonstrate that the interests it
seeks to protect are germane to the Society's purpose. See id. The Society's pleadings state that the
mission of the Society "is to promote the ethical, competent and licensed practice of engineering,
and to enhance the professional, social and economic well being of its members." We conclude that
the interests the Society seeks to protect are germane to its purpose and that the second prong is met.

 Under the third and final prong of this test, the Society "must demonstrate that neither
the claim asserted nor the relief requested require the participation of individual members in the
lawsuit." See id. at 448. In Texas Association of Business, the supreme court recognized that where
an association by its suit "seeks only prospective relief, raises only issues of law, and need not prove
the individual circumstances to obtain that relief," the third prong of the test is met. Id. Applying
these requirements to the case before us, we conclude the Society fails to satisfy the third prong of
the test for associational standing.

 Here, unlike in Texas Association of Business, the Society does not seek only
prospective relief. While its UDJA claims are couched in terms of declaratory and injunctive relief,
its pleadings demonstrate that the Society seeks judicial declarations and injunctions that will be
applied in cases pending before SOAH. (4) The Society thus seeks an end run around the requirement
to exhaust administrative remedies in favor of a determination applicable to all of its members under
any circumstances--past, present, or future.

 Likewise, we conclude that the Society's requests for declaratory and injunctive relief 
do not present pure issues of law. The area of overlap between these two professions has been
squarely addressed by the legislature and requires a fact-intensive analysis. The legislature has
delegated authority to the TBAE to regulate the practice of architecture and to the TBPE to regulate
the practice of engineering. See Tex. Occ. Code Ann. §§ 1001.003, .004, .201 (defining practice of
engineering; describing legislative intent and purpose; and delegating enforcement authority to
the TBPE); id. §§ 1051.001(7), .0015, .501 (defining practice of architecture; describing legislative
purpose; and delegating enforcement authority to TBAE). The legislature has defined what is
included within "the practice of architecture" and "the practice of engineering." Id. §§ 1001.003,
1051.001(7). And the legislature has provided statutory exemptions for each profession. Id.
§§ 1001.063 (providing exemption from Texas Engineering Practice Act for architects practicing
architecture), 1051.601 (providing exemption from Architecture Practice Act for engineers practicing
engineering). By delegating each board the authority to regulate the practice of each profession,
defining "the practice of architecture" and "the practice of engineering," and providing statutory
exemptions for both professions, it is clear that the legislature intended for each board to consider
whether the particular conduct at issue meets the statutory definition of each profession and whether
an exemption applies. Such an inquiry is fact-intensive and can only be done on a case-by-case basis.

 As part of its declaratory relief, the Society seeks declarations under the UDJA that
"comprehensive building design" is within the scope of engineering, that engineers are exempt from
the Architectural Practice Act, that the TBAE lacks jurisdiction over engineers, and that the TBPE
has exclusive original or, in the alternative, primary jurisdiction over the regulation of engineers. 
The Society also seeks injunctive relief to preclude the TBAE from initiating enforcement
proceedings against licensed engineers for the alleged violation of the Architecture Practice Act. 
Although the Society urges that these claims present only questions of law and a resolution of this
case will provide "general" relief to its members, upon further inquiry, it becomes clear that it will
be necessary to review the particular conduct of the engineer at issue to determine whether
comprehensive building design falls within the practice of architecture or whether the particular
conduct of an engineer is exempt from the Architectural Practice Act. (5) In order to obtain the relief
sought, it will thus be necessary to prove the individual circumstances of the Society's members. 
For this reason, we conclude the Society fails the third prong of the test for associational standing
and, therefore, lacks standing to pursue the declaratory and injunctive relief it seeks.

 In support of its claim that it has standing to pursue this suit on behalf of its members,
the Society relies on this Court's decision in Texas State Board of Podiatric Medical Examiners
v. Texas Orthopaedic Association, No. 03-04-00253-CV, 2004 Tex. App. LEXIS 10031, at *4-11
(Tex. App.--Austin 2004, no pet.). The Society's reliance on Texas State Board of Podiatric
Medical Examiners is misplaced. In that case, this Court concluded that the Texas Orthopaedic
Association had standing under section 2001.038 of the government code to challenge a rule
promulgated by the Board. Id. at *9-11. Applying the test for associational standing established by
the supreme court in Texas Association of Business, this Court concluded that all three prongs were
met and, more specifically, that the Texas Orthopaedic Association's request for a declaration that
the Board's rule was invalid presented a question of law that did not require the participation of
individual members. (6) Id. at *10-11. Because we have determined that the Society's claims for
declaratory and injunctive relief--excluding the Society's challenges to the validity of TBAE rules
under government code section 2001.038, see note 6, supra--will require the participation of
individual members, this Court's decision in Texas State Board of Podiatric Medical Examiners is
distinguishable.

 The case of Reconveyance Services v. Texas Department of Insurance, 240 S.W.3d
418 (Tex. App.--Austin 2007, pet. filed), is likewise inapposite. In that case, a corporation
challenged the Department's authority to regulate specific business practices in Texas. See id. at 426
(alleging that nothing gives the Department authority to prohibit companies from offering
Reconveyance's post-closing mortgage release services). Unlike the Society in this case,
Reconveyance was not required to establish associational standing. See generally id. This Court's
holding in that case is thus irrelevant to the question before us--namely, whether the Society has
satisfied the test for associational standing.

 Having concluded that the Society lacks standing to pursue the relief it seeks, we find
no error in the trial court's order granting the TBAE's plea to the jurisdiction with regard to the
Society's claims for declaratory and injunctive relief under the UDJA, and we decline to reach the
Society's remaining arguments in support of its claim that the trial court erred in granting the
TBAE's plea to the jurisdiction. See Tex. R. App. P. 47.1.


CONCLUSION


 Finding no error in the trial court's order, we affirm.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed: October 24, 2008
1. The Architecture Practice Act is codified in chapter 1051 of the Texas Occupations Code. 
See Tex. Occ. Code Ann. §§ 1051.001-.701 (West 2004 & Supp. 2008).
2. Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 2008).
3. Tex. Gov't Code Ann. § 2001.038 (West 2000).
4. In May 2007, the TBAE initiated contested case proceedings under the APA against three
licensed engineers. See Tex. Occ. Code Ann. § 1051.401 (West 2004); Tex. Gov't Code Ann.
§§ 2001.003(1), .051 (West 2000).
5. As the attorney general has recognized, the Architecture Practice Act contains an
exemption for licensed engineers to the extent they perform acts, services, or works within the scope
of the practice of engineering. See Tex. Att'y Gen. Op. GA-0391 (Jan. 10, 2006) (citing Tex. Occ.
Code Ann. § 1051.601 (West 2004)). But, in order to determine whether the exemption applies, one
must examine the individual acts, services, or works provided to determine if they fall within the
practice of engineering.
6. We observe that the trial court denied the TBAE's plea to the jurisdiction regarding the
Society's validity challenges to the Board's rules under section 2001.038 of the government code,
and those claims remain pending below. The TBAE has not challenged this partial denial of its plea
to the jurisdiction on appeal.