NO. 07-10-00216-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 11, 2010

IN RE RICARDO GUTIERREZ

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Ricardo Gutierrez has filed a "Petition for Bill of Review" with this Court requesting that we rescind the conditional grant of Gutierrez's petition for writ of mandamus issued in In re Gutierrez, No. 07-00-0482-CV, 2000 Tex.App. LEXIS 8429 (Tex.App.—Amarillo December 9, 2000, no pet.).  We dismiss for want of jurisdiction.

In his current petition, Gutierrez contends that this Court's conditional grant of mandamus in In re Gutierrez was improper because the opinion relied upon a case that has subsequently been declared invalid.[1]  Thus, according to Gutierrez, this Court was

---

[1] The case that Gutierrez takes issue with, Heath v. State, 817 S.W.2d 335 (Tex.Crim.App. 1991), has been overruled by subsequent decisions.  However, we note that Heath was overruled by Ex parte Williams, 65 S.W.3d 656, 658 (Tex.Crim.App. 2001), which was decided nearly four months after this Court conditionally granted Gutierrez's petition for writ of mandamus.  As an intermediate appellate court, we are bound to follow the precedents of the Texas Supreme Court and Texas Court of Criminal Appeals "unless and until" those courts overrule them or the legislature supersedes them by statute.  Petco Animal Supplies, Inc. v. Schuster, 144 S.W.3d 554, 565 (Tex.App.—Austin 2004, no pet.).  Thus, this Court's opinion in In re Gutierrez

without jurisdiction to conditionally grant the petition for writ of mandamus that he filed on the basis of the <u>Heath</u> case upon which Gutierrez relied.[2]  Gutierrez contends that this Court has jurisdiction over his petition for bill of review because a bill of review is a direct attack on a judgment and, therefore, a bill of review must be filed in the court that rendered the judgment being challenged.

The jurisdiction of all Texas courts is conferred solely by the Texas Constitution and state statutes.  <u>Chenault v. Phillips</u>, 914 S.W.2d 140, 141 (Tex. 1996).  A Texas court does not have jurisdiction to decide any case absent an express constitutional or statutory grant.  <u>Id</u>.  Courts of appeals have appellate jurisdiction as specified in section 6 of the Texas Constitution, together with such other original and appellate jurisdiction as may be prescribed by law.  TEX. CONST. art. V, § 6.  Gutierrez has not cited this Court to any express constitutional or statutory grant of jurisdictional authority over a petition for bill of review.  Nor have we found any such grant of authority.  <u>See</u> TEX. GOV'T CODE ANN. §§ 22.220 (Vernon Supp. 2009), 22.221 (Vernon 2004).  Thus, having no authority to consider Gutierrez's petition for bill of review, we dismiss this petition for want of jurisdiction.

---

properly relied upon the binding precedent of the Texas Court of Criminal Appeals at the time that it was decided and was not rendered invalid by the subsequent overruling of <u>Heath</u>.

[2] Because Gutierrez requested the issuance of a writ of mandamus that was conditionally granted in <u>In re Gutierrez</u>, we note that his complaint on the merits is barred by the doctrine of invited error.  The invited error doctrine applies to situations where a party requests the court to make a specific ruling, then complains of that ruling on appeal, or, as in the present situation, by collateral attack on the requested ruling. <u>See</u> <u>In re Dep't of Family & Protective Servs.</u>, 273 S.W.3d 637, 646 (Tex. 2009); <u>Tittizer v. Union Gas Corp.</u>, 171 S. W.3d 857, 862 (Tex. 2005).

To the extent that Gutierrez is requesting mandamus relief by his petition for bill of review, we would reiterate what we stated in In re Gutierrez, No. 07-10-0048-CV, 2010 Tex.App. LEXIS 1305, at *3 (Tex.App.—Amarillo February 24, 2010, no pet. h.),

> However, it appears more likely that Gutierrez is requesting mandamus relief. But, he is requesting this Court issue a writ of mandamus against itself. This court's authority to grant writs of mandamus is limited. A court of appeals is authorized to issue a writ of mandamus: (1) in any case when necessary to enforce its jurisdiction; and (2) in cases in which relief is sought against a judge of a district or county court in the court of appeals district; or a judge of a district court who is acting as a magistrate at a court of inquiry in the court of appeals district. In re Hettler, 110 S.W.3d 152, 154 (Tex.App.--Amarillo 2003, orig. proceeding). We have no authority to issue a writ of mandamus against an official not prescribed by statute. See Casner v. Rosas, 943 S.W.2d 937, 938 (Tex.App.--El Paso 1997, no writ). The statute does not authorize a court of appeals to issue a writ of mandamus against itself.

For the foregoing reasons, we conclude that we are without jurisdiction to grant Guterriez the relief sought by his "Petition for Bill of Review" and, accordingly, dismiss the same for want of jurisdiction.

Mackey K. Hancock
Justice

3