**Reversed and Rendered and Opinion Filed August 5, 2024**



In the
**Court of Appeals**
**Fifth District of Texas at Dallas**

## No. 05-23-01287-CV

**UNITED STATES EVENTING ASSOCIATION, INC., Appellant**
**V.**
**PEGASUS EVENTING, LLC, ELLEN DOUGHTY-HUME, AND ALISTAIR**
**HUME, Appellees**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 100256-422**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Carlyle

Appellees Pegasus Eventing, LLC, Alistair Hume, and Ellen Doughty-Hume

sued appellant United States Eventing Association, Inc. (1) alleging negligence,

negligent misrepresentation, fraudulent misrepresentation, breach of fiduciary duty,

and breach of contract and (2) requesting a declaratory judgment. In a single issue,

the Association argues the trial court erroneously denied its special appearance. We

reverse and render due to the absence of personal jurisdiction in this memorandum

opinion. *See* TEX. R. APP. P. 47.4.

We review issues of personal jurisdiction over nonresident defendants de novo. *TV Azteca, S.A.B. de C.V. v. Ruiz*, 490 S.W.3d 29, 36 n.4 (Tex. 2016). "A nonresident defendant is subject to the personal jurisdiction of Texas courts if (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction does not violate federal and state constitutional due process guarantees." *Kelly v. Gen. Interior Const., Inc.*, 301 S.W.3d 653, 657 (Tex. 2010). Texas's long-arm statute permits Texas courts to exercise jurisdiction over nonresident defendants that do business in Texas. *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 166 (Tex. 2007). A nonresident does business in Texas if it (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state; (2) commits a tort in whole or in part in this state; or (3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state. TEX. CIV. PRAC. & REM. CODE § 17.042. When, as here, the court makes findings of fact and conclusions of law, we review for legal and factual sufficiency. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

As the plaintiffs below, appellees bore the initial burden to plead sufficient allegations to bring the non-resident Association within the reach of Texas's long-arm statute. *See Kelly*, 301 S.W.3d at 658. To meet its burden, "a plaintiff must show the act on which jurisdiction is predicated, not a prima facie demonstration of the existence of a cause of action." *Steward Health Care Sys. LLC v. Saidara*, 633

S.W.3d 120, 126 (Tex. App.—Dallas 2021, no pet.) (en banc). If the plaintiff meets this burden by allegations in its petition, the defendant bears the burden to negate all alleged bases of jurisdiction. *Id.* at 129. The plaintiff may then produce evidence to support its petition; if plaintiff produces evidence supporting jurisdiction but that is not in the petition, plaintiff must amend its petition to include the additional facts supported by the evidence. *See id.* The court struck appellees' fourth amended petition, and thus the third amended petition is the live petition.

Appellees' third amended petition alleges the Association negligently or fraudulently investigated a third-party's allegations that Doughty-Hume committed eventing-related misconduct and breached its fiduciary duty to her. The petition focuses on the Association failing to follow internal rules and procedures. In response, the Association filed a special appearance and supporting affidavit from Susanne Hershey stating she investigated a third-party's complaints of eventing-related misconduct against Doughty-Hume on the Association's behalf, she has been a resident of Pennsylvania since 1967, she has never been a resident of Texas, the claims against her in appellees' live petition do not arise from or relate to her conduct in Texas, that none of her alleged conduct occurred in Texas, that she conducted her entire investigation from her home in Pennsylvania, that she never traveled to Texas in connection with her investigation, and she has otherwise traveled to Texas six times for matters unrelated to appellees' claims. Further, Ms. Hershey's affidavit states,

In all of my communications with Ms. Doughty-Hume and with others involved in the investigation of the complaints concerning Ms. Doughty-Hume's conduct, I did not make any misrepresentations, and, certainly, did not make any misrepresentations concerning Ms. Doughty-Hume, or the investigation of Ms. Doughty-Hume, or concerning her business, Pegasus Eventing, LLC, or Alistair Hume, and certainly, did not do so in Texas.

The Association also provided an affidavit from its Chief Executive Officer that stated (1) it does not maintain a place of business in Texas, (2) it has not transacted business in Texas since 2015, (3) it did not perform an investigation into Doughty-Hume in Texas, (4) it did not conduct any administrative hearings involving appellees in Texas, (5) it "has not committed any tort, in whole or in part, within the State of Texas," and (6) the claims against it "do not arise from and are not related to" any of its activities in Texas. Thus, the Association met its burden to negate appellees' jurisdictional allegations. *See Kelly*, 301 S.W.3d at 659 ("Factually, the defendant can present evidence that it has no contacts with Texas, effectively disproving the plaintiff's allegations."); *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 789–92 (Tex. 2005).

Doughty-Hume also alleged the Association breached a contract with her. The Association's special appearance included an affidavit from its "sole authorized signor on all of [its] contracts" that stated it "does not have any written or oral contract" with appellees and "has not agreed to nor is it obligated to perform any services or work for [them] in the State of Texas." Doughty-Hume had the

opportunity to present additional evidence of Texas contacts related to a contract and timely amend the petition but failed to do so. *See Kelly*, 301 S.W.3d at 659.

Doughty-Hume also sought a declaratory judgment that the Association breached its contract "and in so doing, wrongfully revoked her certification and/or refused to conduct the rehearing" regarding her teaching certification. This allegation similarly fails to allege sufficient Texas-based conduct by appellants, and in any event appellees' request for a declaratory judgment does not establish personal jurisdiction over the Association. *See Chenault v. Phillips*, 914 S.W.2d 140, 141 (Tex. 1996) (UDJA not a grant of jurisdiction but a procedural device for deciding cases already within a court's jurisdiction).

The Association negated appellees' alleged bases of jurisdiction. Even accepting appellees' allegations as true, the petition insufficiently establishes jurisdiction, the Association's contacts with Texas fall short of purposeful availment, and appellees' claims do not sufficiently arise from the Association's contacts with Texas. *See Kelly*, 301 S.W.3d at 658–59. Instead, appellees' live petition focuses on the Association failing to follow internal procedural rules, though a plaintiff's burden is to plead, "*in its petition*, sufficient allegations to invoke jurisdiction under the Texas long-arm statute." *Steward*, 633 S.W.3d at 129 (emphasis in original). We turn to the trial court's findings of fact.

The court's findings about a Texas resident conducting the investigation or mentoring Doughty-Hume find no factual support in the petition, as they must. *See*

*id.* Nor does the petition support the finding that the Association wrote part of the complaint for a Texas lawyer to review for the Texas defendant, Walker, to resubmit. *See id.* The court found the Association engaged in conduct in Texas, including soliciting memberships here, having a Texas resident member conduct an investigation, sanctioning and conducting events in Texas, assigning a Texas resident mentor to Doughty-Hume, and that it is registered with the Texas Secretary of State. Several of these findings relate to general conduct unrelated to the allegations of this case, including sanctioning events in Texas, soliciting memberships in Texas, receiving event entry fees for Texas events, and registering with the Secretary of State. These facts do not appear in the live petition and are thus legally insufficient to support jurisdiction. *See id.* In any event, and without more, these allegations are legally insufficient to support jurisdiction because they are insufficiently related to the specific claims appellees make. *See Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 576 (Tex. 2007) (nonresident defendant's alleged liability must arise from or be related to activity conducted in the forum).

And the remainder of the court's findings are legally insufficient to support a finding of jurisdiction, particularly when viewed in light of the live petition. Appellees' live petition alleges Hershey, the Pennsylvania resident, as the source of the negligence and misrepresentation claims. Though the court concluded the Association's "acts and directives" brought it within the long-arm statute, these acts did not take place in Texas. The other conduct appellees allege related to those claims

–6–

occurred outside of Texas, including letters, emails, and phone calls, and even considered in conjunction with appellees' other allegations, these fall short in supporting jurisdiction. *See Jani-King Franchising, Inc. v. Falco Franchising, S.A.*, No. 05-15-00335-CV, 2016 WL 2609314, at *4 (Tex. App.—Dallas May 5, 2016, no pet.) (mem. op.).

To the extent the appellees pled and the court relied on others' unilateral conduct—including Doughty-Hume's, the other defendants, and Rockwall Animal Control—to support jurisdiction over the Association, it erred. *See Michiana Easy Livin' Country, Inc.*, 168 S.W.3d at 785, 787. For example, Doughty-Hume voluntarily joined and maintained membership in the Association; Hershey, not the Association, made an email comment to a named defendant about the Association being sued instead of the individuals cooperating with the investigation being sued; and Walker, not the Association, initiated the idea of her boyfriend's father, the lawyer, reviewing her statement. *See id.* Finally, the finding regarding the Association waiting on the Texas courts to resolve issues cannot support jurisdiction, as this conduct occurred during the pendency of this case. *See PHC-Minden, L.P.*, 235 S.W.3d at 169.

In the wake of the Association's special appearance, appellees failed to satisfy their burden to allege sufficient facts showing the substantial connection between the operative litigation facts and the Association's Texas contacts. The court's findings and conclusions do not support jurisdiction, and thus we need not consider

the traditional notions of fair play and substantial justice component. *See Univ. of Alabama v. Suder Found.*, No. 05-16-00691-CV, 2017 WL 655948, at *8 (Tex. App.—Dallas Feb. 17, 2017, no pet.) (mem. op.).

We reverse the trial court's denial of the Association's special appearance and render judgment dismissing appellees' claims against the Association for want of jurisdiction.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

231287F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

UNITED STATES EVENTING
ASSOCIATION, INC., Appellant

No. 05-23-01287-CV        V.

PEGASUS EVENTING, LLC,
ELLEN DOUGHTY-HUME AND
ALISTAIR HUME, Appellee

On Appeal from the 422nd Judicial
District Court, Kaufman County,
Texas
Trial Court Cause No. 100256-422.
Opinion delivered by Justice Carlyle.
Justices Partida-Kipness and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the November 28, 2023 judgment of the trial court denying United States Eventing Association, Inc.'s special appearance is **REVERSED** and judgment is **RENDERED** granting its special appearance and dismissing appellees' claims against it.

It is **ORDERED** that each party bear their own costs of appeal.

Judgment entered August 5, 2024