NO. 07-06-00279-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 20, 2010

---

IN THE INTEREST OF A. N. B., A CHILD

---

FROM THE 349TH DISTRICT COURT OF ANDERSON COUNTY;

NO. 349-5615; HONORABLE PAM FLETCHER, JUDGE

---

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Sheila K. Barnes, attempts to appeal an order denying her *pro se* "Notice of Appeal to Motion to Extend Time to File Motion for Rehearing." Finding that no appealable order has been entered in the cause before this Court, we dismiss for want of jurisdiction.

The clerk's record in this cause reflects that the suit upon which this appeal is predicated was originated when Ronald Duane Barnes filed his Petition to Modify Parent-Child Relationship and Motion to Transfer in the 326th District Court of Taylor County on June 23, 2005. The Motion to Transfer was granted by the 326th District Court on September 2, 2005, transferring the cause to Anderson County. Upon

transfer, the suit was assigned cause number 349-5615 and assigned to the 349th District Court in Anderson County. On February 10, 2006, Zollie C. Steakley, Barnes's counsel, filed a "Motion for Withdraw of Counsel." On March 17, 2006, the 349th District Court entered its Order Granting Motion for Withdrawal of Counsel. On April 18, 2006, Barnes filed a *pro se* Motion to Extend Time to File Motion for Rehearing relating to the trial court's March 17 order granting Steakley's motion to withdraw, which was denied by the trial court by order of May 9, 2006. On May 24, 2006, Barnes filed the *pro se* "Notice of Appeal to Motion to Extend Time to File Motion for Rehearing," which stated that it was an attempt to appeal the trial court's May 9, 2006 denial of Barnes's motion to extend time to file motion for rehearing. This "Notice of Appeal" was apparently treated as a notice of appeal from a final, appealable order by the 12th District Court of Appeals. On June 12, 2006, Barnes filed a Motion for Rehearing requesting the trial court reverse its March 17, 2006 Order Granting Motion for Withdrawal of Counsel. The trial court entered its Order denying this Motion for Rehearing on July 5, 2006. On July 19, 2006, this cause was transferred from the 12th District Court of Appeals to this Court by the Texas Supreme Court.[1]

The jurisdiction of all Texas courts is conferred solely by the Texas Constitution and state statutes. Chenault v. Phillips, 914 S.W.2d 140, 141 (Tex. 1996). A Texas court does not have jurisdiction to decide any case absent an express constitutional or statutory grant. Id. Courts of appeals have appellate jurisdiction as specified in section 6 of the Texas Constitution, together with such other original and appellate jurisdiction

---

[1] This case was transferred to this Court pursuant to the Texas Supreme Court's docket equalization efforts. See TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005).

2

as may be prescribed by law. Tᴇx. Cᴏɴsᴛ. art. V, § 6. Generally, a Texas appellate court has jurisdiction to hear an appeal only if it is from a final judgment. See Tᴇx. Cɪᴠ. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ Aɴɴ. § 51.012 (Vernon Supp. 2009); Kaplan v. Tiffany Dev. Corp., 69 S.W.3d 212, 217 (Tex.App.--Corpus Christi 2001, no pet.). Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. Stary v. DeBord, 967 S.W.2d 352, 352-53 (Tex. 1998).

By letter dated April 22, 2010, this Court notified Barnes that it appeared that the clerk's record in this cause did not contain a final, appealable order and that Barnes had failed to identify any statute that provides for this Court to exercise appellate jurisdiction over the trial court's May 9, 2006 interlocutory order denying Barnes's motion to extend time to file motion for rehearing.[2] Consequently, we directed Barnes to show cause why the appeal should not be dismissed for want of jurisdiction. See Tᴇx. R. Aᴘᴘ. P. 42.3. Barnes filed a response on May 13, 2010.

In her response, Barnes references three documents to establish that her notice of appeal was made on a final, appealable order: a Final Decree of Divorce; a Motion for New Trial; and Appeals for Motion for New Trial, Motion for Enforcement, and Appeal for Protective Order. However, each of these documents relate to trial court cause number 33,638-C, which was appealed to the 11th District Court of Appeals, and dismissed for want of jurisdiction. See Barnes v. Barnes, No. 11-04-00082-CV, 2004

---

[2] The record reflects that the trial court did consider and rule on Barnes's apparently untimely filed Motion for Rehearing. Thus, the relief requested by Barnes's Notice of Appeal to Motion to Extend Time to File Motion for Rehearing has been granted and, therefore, the issue is moot.

Tex.App. LEXIS 5513, at *1-*2 (Tex.App.—Eastland June 18, 2004, no pet.) (per curiam). Subsequently, Barnes filed an appeal of an April 8, 2004 order granting her ex-husband's motion to modify parent-child relationship, which was affirmed by the 11th District Court of Appeals. See In the Interest of A.N.B., No. 11-04-00148-CV, 2007 Tex.App. LEXIS 3200 (Tex.App.—Eastland April 26, 2007, pet. denied). In its opinion, the 11th Court addressed Barnes's contention that the 2003 divorce decree, entered in trial court cause number 33,638-C, was void because it was entered while the case was under an automatic bankruptcy stay. See id. at *2-*4. After careful review of Barnes's response to our letter, it appears that Barnes is attempting to attack the Final Decree of Divorce that was entered in trial court cause number 33,638-C collaterally through subsequently filed motions to modify. However, Barnes has failed to identify any authority that would authorize such a collateral attack.

The appeal that was transferred to this Court by the Supreme Court's order was an appeal of the proceedings in trial court cause number 349-5615, initiated by Ronald Barnes's Petition to Modify Parent-Child Relationship and Motion to Transfer, filed in the 326th District Court of Taylor County on June 23, 2005. As Barnes has wholly failed to identify any final, appealable order entered in that cause or any statutory authority authorizing our exercise of jurisdiction over any interlocutory order entered in that cause, as well as our failure to discover any basis for our jurisdiction in the cause that is before us, we must dismiss this appeal for want of jurisdiction. See Kaplan, 69 S.W.3d at 217.

For the foregoing reasons, we dismiss Barnes's appeal for want of jurisdiction.


Mackey K. Hancock
Justice