NO.
07-10-0513-CR

                                                                              

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                            JANUARY
28, 2011

                                            ______________________________

 

                                                                 AUNG
AUNG,

 

Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

Appellee

                                         _________________________________

 

                FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

 

                         NO.
122,374; HON. W.F. “CORKY” ROBERTS, PRESIDING

                                           _______________________________

 

                                                             Order
of Dismissal

                                           _______________________________

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Aung Aung, appellant, attempts
to appeal his conviction for two counts of evading arrest and making a
terroristic threat.  The court imposed
sentence on July 29, 2010, and a motion for new trial was timely filed.  His notice of appeal was filed on December
17, 2010.  We dismiss for want of
jurisdiction.








To be timely, a notice of appeal must be filed
within thirty days after the sentence is imposed or suspended in open court or
within ninety days after that date if a motion for new trial is filed.  Tex. R. App. P. 26.2(a).  Therefore, the notice of appeal was due on
October 27, 2010.  

A timely filed notice of appeal is essential to
invoke our appellate jurisdiction.  Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  If it is untimely, we can take no action
other than to dismiss the proceeding.  Id. at 523. 
Appellant's notice being untimely filed, we have no jurisdiction over
the matter and dismiss the appeal.

Accordingly, appellant=s
appeal is dismissed.[1]

 

Brian
Quinn 

       Chief Justice 

 

 

 

Do not publish.











[1]The appropriate vehicle for seeking
an out‑of‑time appeal from a final felony
conviction is by writ of habeas corpus pursuant to Article 11.07 of the Texas
Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon 2005).








-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.Heading5Char
 {mso-style-name:"Heading 5 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 5";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;}
span.Heading6Char
 {mso-style-name:"Heading 6 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 6";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 font-style:italic;}
span.Heading7Char
 {mso-style-name:"Heading 7 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 7";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.Heading8Char
 {mso-style-name:"Heading 8 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 8";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;}
span.Heading9Char
 {mso-style-name:"Heading 9 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 9";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.TitleChar
 {mso-style-name:"Title Char";
 mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Title;
 mso-ansi-font-size:26.0pt;
 mso-bidi-font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;}
span.SubtitleChar
 {mso-style-name:"Subtitle Char";
 mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Subtitle;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 font-style:italic;}
span.QuoteChar
 {mso-style-name:"Quote Char";
 mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Quote;
 color:black;
 font-style:italic;}
span.IntenseQuoteChar
 {mso-style-name:"Intense Quote Char";
 mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Intense Quote";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
p.NewDocument, li.NewDocument, div.NewDocument
 {mso-style-name:"New Document";
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 mso-bidi-font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;
 mso-bidi-language:EN-US;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 font-family:"Calibri","sans-serif";
 mso-ascii-font-family:Calibri;
 mso-ascii-theme-font:minor-latin;
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-hansi-font-family:Calibri;
 mso-hansi-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:10.0pt;
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-06-0279.cv%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-06-0279.cv%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-06-0279.cv%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-06-0279.cv%20opinion_files/header.htm") ecs;}
@page Section1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-page-numbers:1;
 mso-title-page:yes;
 mso-footer:url("07-06-0279.cv%20opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.Section1
 {page:Section1;}
@page Section2
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-footer:url("07-06-0279.cv%20opinion_files/header.htm") f2;
 mso-paper-source:0;}
div.Section2
 {page:Section2;}
-->








NO. 07-06-00279-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
20, 2010

 



 

IN THE INTEREST OF A. N. B., A CHILD



 



 

 FROM THE 349TH DISTRICT COURT OF ANDERSON
COUNTY;

 

NO. 349-5615; HONORABLE PAM FLETCHER, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant, Sheila K. Barnes, attempts
to appeal an order denying her pro se “Notice of Appeal to Motion to Extend Time to File
Motion for Rehearing.”  Finding that no
appealable order has been entered in the cause before this Court, we dismiss
for want of jurisdiction.

The clerk’s record in this cause
reflects that the suit upon which this appeal is predicated was originated when
Ronald Duane Barnes filed his Petition to Modify Parent-Child Relationship and
Motion to Transfer in the 326th District Court of Taylor County on
June 23, 2005.  The Motion to Transfer
was granted by the 326th District Court on September 2, 2005,
transferring the cause to Anderson County. 
Upon transfer, the suit was assigned cause number 349-5615 and assigned
to the 349th District Court in Anderson County.  On February 10, 2006, Zollie
C. Steakley, Barnes’s counsel, filed a “Motion for
Withdraw of Counsel.”  On March 17, 2006,
the 349th District Court entered its Order Granting Motion for
Withdrawal of Counsel.  On April 18,
2006, Barnes filed a pro se Motion to
Extend Time to File Motion for Rehearing relating to the trial court’s March 17
order granting Steakley’s motion to withdraw, which
was denied by the trial court by order of May 9, 2006.  On May 24, 2006, Barnes filed the pro se “Notice of Appeal to Motion to
Extend Time to File Motion for Rehearing,” which stated that it was an attempt
to appeal the trial court’s May 9, 2006 denial of Barnes’s motion to extend
time to file motion for rehearing.  This
“Notice of Appeal” was apparently treated as a notice of appeal from a final,
appealable order by the 12th District Court of Appeals.  On June 12, 2006, Barnes filed a Motion for
Rehearing requesting the trial court reverse its March 17, 2006 Order Granting
Motion for Withdrawal of Counsel.  The
trial court entered its Order denying this Motion for Rehearing on July 5,
2006.  On July 19, 2006, this cause was
transferred from the 12th District Court of Appeals to this Court by
the Texas Supreme Court.[1]

            The
jurisdiction of all Texas courts is conferred solely by the Texas Constitution
and state statutes.  Chenault v. Phillips,
914 S.W.2d 140, 141 (Tex. 1996). 
A Texas court does not have jurisdiction to decide any case absent an
express constitutional or statutory grant. 
Id.  Courts of appeals have
appellate jurisdiction as specified in section 6 of the Texas Constitution,
together with such other original and appellate jurisdiction as may be
prescribed by law.  Tex. Const. art. V, §
6.  Generally, a Texas appellate
court has jurisdiction to hear an appeal only if it is from a final judgment.  See Tex.
Civ. Prac. & Rem. Code Ann. § 51.012
(Vernon Supp. 2009); Kaplan v. Tiffany Dev. Corp., 69 S.W.3d 212, 217 (Tex.App.--Corpus Christi 2001, no pet.). Appellate courts
have jurisdiction to consider immediate appeals of interlocutory orders only if
a statute explicitly provides appellate jurisdiction. Stary v. DeBord, 967 S.W.2d 352, 352-53 (Tex. 1998). 

By letter dated April 22, 2010, this
Court notified Barnes that it appeared that the clerk’s record in this cause did
not contain a final, appealable order and that Barnes had failed to identify
any statute that provides for this Court to exercise appellate jurisdiction over
the trial court’s May 9, 2006 interlocutory order denying Barnes’s motion to
extend time to file motion for rehearing.[2]  Consequently, we directed Barnes to show cause why the appeal should not be dismissed for want of
jurisdiction.  See Tex. R. App. P. 42.3.  Barnes filed a response on May 13, 2010. 

In her response, Barnes references
three documents to establish that her notice of appeal was made on a final,
appealable order: a Final Decree of Divorce; a Motion for New Trial; and
Appeals for Motion for New Trial, Motion for Enforcement, and Appeal for
Protective Order.  However, each of these
documents relate to trial court cause number 33,638-C, which was appealed to
the 11th District Court of Appeals, and dismissed for want of
jurisdiction.  See Barnes v.
Barnes, No. 11-04-00082-CV, 2004 Tex.App. LEXIS 5513, at *1-*2 (Tex.App.—Eastland
June 18, 2004, no pet.) (per curiam). 
Subsequently, Barnes filed an appeal of an April 8, 2004 order granting
her ex-husband’s motion to modify parent-child relationship, which was affirmed
by the 11th District Court of Appeals.  See In the Interest of A.N.B.,
No. 11-04-00148-CV, 2007 Tex.App. LEXIS 3200 (Tex.App.—Eastland April 26, 2007, pet. denied).  In its opinion, the 11th Court
addressed Barnes’s contention that the 2003 divorce decree, entered in trial
court cause number 33,638-C, was void because it was entered while the case was
under an automatic bankruptcy stay.  See
id. at *2-*4. 
After careful review of Barnes’s response to our letter, it appears that
Barnes is attempting to attack the Final Decree of Divorce that was entered in
trial court cause number 33,638-C collaterally through subsequently filed
motions to modify.  However, Barnes has
failed to identify any authority that would authorize such a collateral attack.

The appeal that was transferred to
this Court by the Supreme Court’s order was an appeal of the proceedings in
trial court cause number 349-5615, initiated by Ronald Barnes’s Petition to
Modify Parent-Child Relationship and Motion to Transfer, filed in the 326th
District Court of Taylor County on June 23, 2005.  As Barnes has wholly failed to identify any
final, appealable order entered in that cause or any statutory authority
authorizing our exercise of jurisdiction over any interlocutory order entered
in that cause, as well as our failure to discover any basis for our
jurisdiction in the cause that is before us, we must dismiss this appeal for
want of jurisdiction.  See Kaplan,
69 S.W.3d at 217. 


 

 

For the foregoing
reasons, we dismiss Barnes’s appeal for want of jurisdiction.

 

 

 

                                                                        

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

 

 

            








 











[1]
This case was
transferred to this Court pursuant to the Texas Supreme Court’s docket
equalization efforts.  See Tex. Gov’t Code Ann. § 73.001 (Vernon
2005).





[2]
The record reflects
that the trial court did consider and rule on Barnes’s apparently untimely
filed Motion for Rehearing.  Thus, the
relief requested by Barnes’s Notice of Appeal to Motion to Extend Time to File
Motion for Rehearing has been granted and, therefore, the issue is moot.