

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00085-CV

IN RE CHUAN C. CHEN AND MPATANISHI TAYARI GARRETT

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION[1]

Via a mandamus petition filed on September 23, 2025,[2] Relators, Chuan C. Chen and Mpatanishi Tayari Garrett, urge six issues, complain of eight "actions" of the trial court, and ask this Court to:

- vacate a temporary injunction issued on July 26, 2018,
- reverse the trial court's August 6, 2018, venue decision, and to transfer the case to the 134th Judicial District Court of Dallas County,
- reverse the trial court's June 6, 2025, denial of their traditional motion for summary judgment and render summary judgment in their favor,
- reverse the trial court's June 6, 2025, denial of "no evidence" summary judgment and render summary judgment in their favor, and
- reverse unspecified trial court discovery order(s) of unidentified date(s).

We address the requested relief in sequence.

## I. Injunctive Relief and Venue

Seeking mandamus seven years after the fact is too late. Relators seek the extraordinary relief of mandamus regarding a case that has been pending since June 14, 2018. Regarding injunctive relief and venue, Relators seek relief regarding trial court orders issued at the outset of the case, on July 26, 2018, and August 6, 2018. "Because mandamus is 'controlled largely by equitable principles,' there is no fixed deadline for filing original proceedings in the Texas Rules of Appellate Procedure." *CMH Homes v. Perez*, 340 S.W.3d 444, 453 (Tex. 2011) (quoting *In re Int'l Profit Assocs.*, 274 S.W.3d 672, 676 (Tex. 2009) (per curiam) (orig. proceeding)). As a benchmark, "[a]n appeal complying with the rules governing an accelerated appeal would

---

[1]We withdraw our memorandum opinion issued on November 10, 2025, and issue the following substitute opinion. We deny Relators' motion for rehearing stemming from the November 10 opinion.

[2]We received a brief from Jackson Potter, Envision Realty Group, LLC, and David J. Potter, the Real Parties in Interest (RPI), on October 14, 2025, and a reply brief from Relators on October 20, 2025.

generally be timely for mandamus purposes." *Id.* "[A]n accelerated appeal is perfected by filing a notice of appeal within twenty days of the order." *Id.* (citing TEX. R. APP. P. 26.1(b)). While the twenty-day deadline for filing an accelerated appeal is not a hard-and-fast deadline regarding mandamus, it indicates the urgency required of those seeing extraordinary relief. *See id.* Relators cite no cases to support the timeliness of their petition.[3] The trial court's decisions regarding injunctive relief and venue were made seven years before Relators' petition. As to those matters, we find Relators' petition untimely.

## II.    Summary Judgment

Again, seeking mandamus years after the fact is too late. Relators contend that the claims asserted by RPI had no basis in law when they were filed in 2018 and are precluded by operation of a 2020 decision of the Fifth Court of Appeals in cause no. 05-18-00613-CV regarding litigation in the 134th Judicial District Court of Dallas County between Chen and RPI.

"Generally, mandamus relief is 'unavailable when a trial court denies summary judgment, no matter how meritorious the motion.'" *In re Ill. Nat'l Ins. Co.*, 685 S.W.3d 826, 842 (Tex. 2024) (orig. proceeding) (quoting *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding)). However, "some extraordinary circumstances will warrant mandamus relief." *Id.*; *see id.* at 842–43 (collecting cases where "mandamus relief may be necessary" or is warranted "in some circumstances").

Mandamus must be sought promptly. *CMH Homes*, 340 S.W.3d at 453. Mandamus has been permitted after the passage of time where a relator showed that "delay . . . did not result

---

[3]Further, as discussed below in section IV, "Undisclosed Legal Remedies," Relators have engaged in activities other than pursuing mandamus that militate against the timeliness of their petition.

from the relator's own actions" because the relator "had worked diligently to move the case along." *In re Am. Airlines, Inc.*, 634 S.W.3d 38, 43 (Tex. 2021) (per curiam) (orig. proceeding) (citing *In re Int'l Profit Assocs.*, 274 S.W.3d at 676).

Here, Relators do not explain why they waited years to seek summary judgment (until May 2025), nor do Relators explain why they waited to seek mandamus until more than three months after the trial court's June 6, 2025, orders denying summary judgment.[4] Relators do not explain how, given this timeline, they fit within the "extraordinary circumstances" when mandamus of a summary judgment denial is permitted. *See In re Ill. Nat'l Ins. Co.*, 685 S.W.3d at 842–43. Relators fail to demonstrate entitlement to extraordinary relief. *See id.* at 842; *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding) ("Equity aids the diligent and not those who slumber on their rights." (quoting *Callahan v. Giles*, 155 S.W.2d 793, 795 (Tex. 1941) (orig. proceeding)).[5]

## III. Discovery

Relators failed to identify, with specificity, the alleged error(s) of the trial court. "Mandamus relief is proper when the respondent 'clearly abused its discretion' and the relator has 'no adequate remedy by appeal.'" *In re Oncor Elec. Delivery Co.*, 716 S.W.3d 525, 530 (Tex. 2025) (orig. proceeding) (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–

---

[4]Relators' briefing is cursory and devoid of citations to the record in the argument section. *See* TEX. R. APP. P. 52.3(h) ("*Argument*. The petition must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record."). While we do not reject Relators' brief outright on that basis, the thinness of briefing on individual topics bears on their ability to show themselves entitled to the extraordinary relief of mandamus. *See In re Hotze*, 627 S.W.3d 642, 649 (Tex. 2020) (orig. proceeding) (observing "[t]he petition is vague about which of the Secretary of State's 'dut[ies] imposed by law' the Court should compel" (second alteration in original)).

[5]Further, as discussed below in section IV, "Undisclosed Legal Remedies," Relators have engaged in activities other than pursuing mandamus that militate against the timeliness of their petition.

4

36 (Tex. 2004) (orig. proceeding)). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (per curiam) (orig. proceeding). "Due to the extraordinary nature of the remedy, the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act." *In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 525 (Tex. 2022) (orig. proceeding) (quoting *In re Coppola*, 535 S.W.3d 506, 510 (Tex. 2017) (per curiam) (orig. proceeding)).

Relators broadly complain, "The trial court clearly abused its discretion by refusing to enforce basic discovery obligations despite Plaintiffs' systematic noncompliance over seven years of litigation."[6] Relators provide no citations to the record to support their assertions of erroneous discovery decision(s) by the trial court over the seven-year course of litigation. *See* TEX. R. APP. P. 52.3(h). While we do not reject Relators' brief outright on those grounds, their briefing is cursory, which bears on their ability to carry their burden as petitioners. *See In re Hotze*, 627 S.W.3d at 649. Additionally, for reasons discussed above, mandamus petitions are subject to a timeliness requirement. Relators do not provide any discussion, citation to the record, or citation to authorities to support the timeliness of their discovery complaints. Relators have not shown themselves entitled to the extraordinary relief of mandamus.[7]

---

[6]Similarly, on reply, Relators assert that, "[d]espite undisputed noncompliance and evasive deposition conduct, the trial court imposed no sanctions, compelled no further responses, and instead issued a new scheduling order effectively restarting discovery from zero." Relators provide no citations for that assertion. Relators' mandamus record references a hearing in the trial court on June 2, 2025, but contains no reference to a motion to compel filed by either of the Relators.

[7]Further, as discussed below in section IV, "Undisclosed Legal Remedies," Relators have engaged in activities other than pursuing mandamus that militate against the timeliness of their petition.

## IV.     Independent Basis for Denial:  Undisclosed Legal Remedies

Relators are pursuing, or have pursued, legal remedies that they did not bring to our attention.  Those actions provide an independent basis to deny relief.

"Mandamus is an extraordinary remedy and generally is not available from any court in this state when a party has an adequate legal remedy."  *Chenault v. Phillips*, 914 S.W.2d 140, 141 (Tex. 1996) (per curiam) (orig. proceeding).  "No specific definition captures the essence of or circumscribes what comprises an 'adequate' remedy; the term is 'a proxy for the careful balance of jurisprudential considerations,' and its meaning 'depends heavily on the circumstances presented.'"  *In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding) (quoting *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (per curiam) (orig. proceeding)).

### A.     2025 Motion to Recuse

Relators' mandamus record indicates that they filed a motion to recuse the trial judge on June 11, 2025.  The assertions in the motion to recuse overlap in significant part with the assertions in Relators' mandamus petition.  Relators, however, make no mention of this in their brief.  Relators do not inform this Court in their brief of the outcome of the motion to recuse or of any appeal therefrom to the Texas Supreme Court.[8]  Given the overlap of issues and the timing of the recusal motion, a decision denying recusal could impact the analysis of Relators' request for extraordinary relief from this Court.  On the other hand, if recusal is granted during the pendency of a mandamus petition, abatement for reconsideration would be necessary.  TEX.

---

[8]Nor does Relators' reply brief.

6

R. APP. P. 7.2(b) ("If the case is an original proceeding under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision."); *In re Kuraray Am., Inc.*, 656 S.W.3d 137, 141 n.2 (Tex. 2022) (per curiam) (orig. proceeding).[9]

## B.     2018 Attempt to Halt Red River County Proceedings via Mandamus

Further, the RPI brought to our attention that Relators obtained a ruling in 2018 from the Fifth Court of Appeals concerning the relationship between the appeal in cause no. 05-18-00613-CV and this case. In cause no. 05-18-00929-CV, Relators asked the Fifth Court of Appeals to issue the writ of mandamus against the district court in Red River County. The Fifth Court of Appeals held:

> The appeal pending in 05-18-00613-CV . . . is relator Chuan C. Chen's appeal of a declaratory judgment action dismissed under Rule 91a that involved issues unrelated to the proceeding in Red River County. The Red River County proceedings are unrelated to the appeal of the Dallas County orders and, therefore, are not interfering with this Court's jurisdiction over the appeal pending in 05-18-00613-CV.

*In re Chen*, No. 05-18-00929-CV, 2018 WL 6616900, at *1 (Tex. App.—Dallas Dec. 18, 2018, orig. proceeding) (mem. op.).

---

[9]On motion for rehearing, Relators assert that the Court's initial opinion "[m]isattributed" the recusal motion to the Relators. Relators contend that the recusal motion was brought solely by Albert Lutterodt, co-defendant below and former husband of Relator Chen. Relators go so far as to assert that the recusal motion "contains no indication that Chen or Garrett joined, adopted, or pursued it." Relators' assertions are half-correct. The twelve-page motion to recuse was facially Lutterodt's. That part is correct. But the "no indication" assertion is incorrect. There is, at a minimum, some indication that Relators supported the motion; the motion is supported by an affidavit from Chen, who is represented by Garrett. The Relators' citation to the record in support of their "no indication" contention failed to bring to the Court's attention Chen's affidavit. In any event, we need not determine the full extent to which Relators support(ed) the motion to recuse. If the recusal motion were granted, regardless of who filed it, that would be an avenue for Relators to obtain the relief that they now seek via mandamus; in the event of recusal, we would be required to abate for reconsideration by a new trial judge. *See In re Prudential Ins. Co.*, 148 S.W.3d at 129. But, as with Relators' petition and reply brief, Relators' motion for rehearing does not inform the Court whether the motion to recuse is still pending, has been granted, or has been denied.

Relators seek relief based on the purported impact of cause no. 05-18-00613-CV on the Red River County proceedings. Relators' brief before this Court sets forth about a page-long list of the proceedings between the parties. Relators argue that this list compels a result in their favor.[10] Further, Relators claim the mantle of protecting the judiciary from conflicting decisions.[11]

Relators' list is incomplete. Relators' claim of protecting the judiciary from conflicting decisions rings false. Relators did *not* inform this Court that the Fifth Court of Appeals had, in 2018, found that cause no. 05-18-00613-CV "involved issues unrelated to the proceeding in Red River County." *Id.*

## C. 2025 Pending Appeal in the Fifth Court of Appeals

Further still, the RPI brought to our attention that Chen has a currently pending appeal in the Fifth Court of Appeals regarding a suit between Chen and the RPI in the County Court at Law No. 1 of Dallas County. Before this Court, Relators make no mention of their appeal before the Fifth Court of Appeals. It should have been mentioned.

---

[10]*See, e.g.*, Relators' Brief, p. 11 ("The core dispute, and *every* meaningful *judicial action*, originates in [the 134th Judicial District Court of Dallas County]." (emphasis added)), p. 12 ("These dismissals and appellate affirmances established complete finality in Dallas County, where *every* substantive event, order, and party was already subject to the court's lawful authority." (emphasis added)), p. 13 ("Unable to prevail in *any* Dallas County or federal forum [the RPI pursued litigation in Red River County]." (emphasis added)), p. 15 ("*Every* prior case—bankruptcy, Dallas County original and amended petitions, and appellate review—was dismissed as lacking legal basis, with only this case lingering due to procedural irregularities, *ex parte* communications, and improper venue retention." (emphasis added)), p. 15 ("*All* facts, parties, assets, and *controlling judgments* are rooted in Dallas County, and *only* [the 134th Judicial District Court] retains the jurisdiction and familiarity to finally resolve this matter." (emphasis added)).

[11]*See, e.g.*, Relators' Brief, p. 17 ("[T]he Red River action *directly interferes* with the Dallas County court's continuing jurisdiction over its judgment." (emphasis added)), p. 18 ("[Ongoing proceedings in Red River County] *creates a risk of conflicting orders* and undermines the authority of the rendering court." (emphasis added)), p. 23 ("Allowing this venue ruling to stand forces Defendants to litigate claims already adjudicated in Dallas County in an improper forum, incurring unnecessary expense and *risking inconsistent judgments*." (emphasis added)).

8

"Jurisdiction always comes first." *Rush Truck Ctrs. of Tex., L.P. v. Sayre*, 718 S.W.3d 233, 237 (Tex. 2025). "Courts always have jurisdiction to determine their own jurisdiction." *Hous. Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007). "'Courts are empowered to note potential jurisdictional defects sua sponte,' and by doing so, a court 'discharges its duty to ensure that the court itself is functioning in an authorized and properly judicial capacity.'" *Hidalgo Cnty. Water Improvement Dist. No. 3 v. Hidalgo Cnty. Irrigation Dist. No. 1*, 669 S.W.3d 178, 185 (Tex. 2023) (quoting *Rattray v. City of Brownsville*, 662 S.W.3d 860, 867, 869 (Tex. 2023)).

Under the doctrine of dominant jurisdiction, "a court of appeals 'will not be permitted to interfere with the previously attached jurisdiction of another court of co-ordinate power.'" *In re A.B.*, 676 S.W.3d 112, 115 (Tex. 2023) (per curiam) (quoting *Miles v. Ford Motor Co.*, 914 S.W.2d 135, 138 (Tex. 1995) (per curiam)). This does not mean that the court of appeals hearing the second-filed matter completely lacks jurisdiction. *Id.* Instead, the question is whether there is a previously filed and still-pending proceeding in a sister court that "impedes" the jurisdiction of the court hearing the second-filed matter such that the court hearing the second-filed matter should abate and, thereby, "yield" to the court hearing the first-filed matter. *Id.* at 116.

To avoid inadvertent conflict with our sister court, we take judicial notice of Chen's brief in our sister court (as appellant) as published on the website of the Fifth Court of Appeals in cause no. 05-25-00606-CV. *See Gill v. Hill*, 688 S.W.3d 863, 871 (Tex. 2024), *cert. denied*, 145 S.Ct. 274 (2024) ("An appellate court may take judicial notice of a relevant fact that is either generally known within the trial court's territorial jurisdiction or can be accurately and readily

9

determined from sources whose accuracy cannot reasonably be questioned."). We also take judicial notice of our sister court's docket sheet in that proceeding. *See id.*

Chen's brief in our sister court demonstrates that there is an overlap of issues. Chen, as plaintiff in the County Court at Law No. 1 of Dallas County, brought tortious interference, abuse-of-process, malicious civil prosecution and defamation claims against the RPI (defendants there) based on the proceedings in Red River County that are the subject of this mandamus. Those claims proved unsuccessful in the County Court at Law No. 1 of Dallas County. The complained-of March 24, 2025 order of the County Court at Law No. 1 of Dallas County (attached as Appendix A to Chen's brief before the Fifth Court of Appeals) provides, inter alia, that "[t]he ruling from the 134th Court [of Dallas County] and the Fifth District Court of [A]ppeals only related to the pleadings and specifically did not consider the merits of any potential evidence." As a result, the scope of the mandate of the Fifth Court of Appeal's 2020 decision (the 2020 mandate) is now pending before the Fifth Court of Appeals. This is demonstrated by a side-by-side comparison of statements in Relators' reply brief and the order of the County Court at Law No. 1 of Dallas County now pending before the Fifth Court of Appeals:

| Relators' Reply Br., p. 9 | Relators' Reply Br., p. 8 | Order of CCL on review to 5th COA |
|---|---|---|
| "A trial court has no discretion to disregard a prior appellate mandate or permit relitigation of claims finally adjudicated between the same parties." | "Real Parties attempt to minimize the Fifth Court's binding decision by suggesting it addressed only a 'pleading deficiency.'" | "The ruling from the 134th Court [of Dallas County] and the Fifth District Court of [A]ppeals only related to the pleadings and specifically did not consider the merits of any potential evidence." |

10

Hence, the position of the RPI regarding the scope of the 2020 mandate echoes the ruling of the County Court at Law No. 1 of Dallas County and that trial court's ruling is currently pending before the Fifth Court of Appeals. The docket sheet of our sister court reveals that notice of appeal in that matter was filed on May 19, 2025. Consequently, the appeal in the Fifth Court of Appeals between the parties predates the petition for a writ of mandamus in this Court. Were this a regular appeal, this would present a question of dominant jurisdiction. Since this comes to us in the posture of a mandamus petition, we view it as weighing against issuance of the writ.

### D.      Collective Impact of Undisclosed Legal Remedies

Relators come before us not via regular appeal, but via a petition for a writ of mandamus. Mandamus is "not issued as a matter of right, but at the Court's discretion." *In re Allstate Indem. Co.*, 622 S.W.3d at 883. The reader may have noticed that we did not set forth a summary of the background facts at the outset of this opinion. That is due in no small part to our lack of confidence in Relators having presented us with a full and accurate picture of the facts. Based on the circumstances presented, we have jurisprudential concerns about exercising our discretion to grant mandamus relief to parties whose brief did not inform us of legal remedies they once pursued or are pursuing now. *See id.*

## V.     Conclusion

For all the reasons set forth above, we deny Relators' petition.


                                    Jeff Rambin
                                    Justice

Date Submitted:     November 7, 2025
Date Decided:       November 24, 2025